**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES**<br><br>**v.**<br><br>**RAFAEL CARDONA,**<br><br>**Defendant.** | **Crim. No. 17-cr-30022-MRG** |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [ECF NO. 672]**

**GUZMAN, J.**

*Pro se* Defendant Rafael Cardona Sr. moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the foregoing reasons, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

A jury found Cardona guilty of two counts of conspiracy to distribute and possess with intent to distribute cocaine and heroin, respectively, in violation of 21 U.S.C. §§ 841(a)(1) and 846, on October 18, 2021. [ECF No. 509]. He was thereafter sentenced to 146 months of incarceration and five years of supervised release. [ECF No 569]. Cardona appealed the judgment and the First Circuit affirmed his conviction. See United States v. Cardona, 88 F.4th 69 (1st Cir. 2023).

## II. LEGAL STANDARDS

District courts generally may not modify terms of imprisonment after the imposition of a sentence, but moving for compassionate release is one exception to the general rule. United States v. Quirós-Morales, 83 F.4th 79, 84 (1st Cir. 2023). To grant a motion for compassionate release,

three factors must be satisfied. First, Cardona must present "extraordinary and compelling" reasons warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i); see United States v. Texeira-Nieves, 23 F.4th 48, 52 (1st Cir. 2022). Second, a reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." Texeira-Nieves, 23 F.4th at 52 (quoting 18 U.S.C. § 3582(c)(1)(A)). Third, if the Court determines that it finds in favor of Cardona on the first two issues, it must then address any applicable factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, to determine whether the reduction "is warranted in whole or in part under the particular circumstances of the case." Id. (quoting United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir 2021)).

The United States Sentencing Commission ("USSC") enumerates circumstances where "extraordinary and compelling" reasons may exist warranting a sentence reduction. U.S.S.G. § 1B1.13(b). As relevant here, such reasons include the medical circumstances of the defendant, the age of the defendant, or other reasons that combine enumerated circumstances listed by the Guidelines. Id. § 1B1.13(b)(1), (2), & (5).

Additionally, before the Court considers whether those three factors are met, Cardona must have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on his behalf or after thirty days have elapsed from the relevant facility's receipt of such request." Quirós-Morales, 83 F.4th at 84.

## III. DISCUSSION

Cardona contends that both his age and medical circumstances warrant a sentence reduction. In particular, Cardona indicated that he qualifies for a reduction because of his age and checked off a box in his motion that states he is 65 years or older, is experiencing a serious deterioration in physical or mental health, and that he has served "at least 10 years or 75 percent"

of his term of imprisonment, whichever is less. [ECF No. 672 at 5].[1] Additionally, in his memorandum supporting his motion, he highlights medical conditions such as "severe impairment of status post lumbar spine surgery, [myofascial] pain syndrome, and depression." [ECF No. 674 at 6]. Cardona is also a candidate for hip surgery, but he has decided to forego the treatment because of the "difficult[ies] of recover[ing] without a family care or a different environment which could help to [achieve] a sooner recovery." [Id.] Lastly, he emphasizes that he is more vulnerable to sickness, and that the prison system has been affected by COVID-19 and Flu outbreaks. [Id. at 3–4].

The government assumes for the purposes of its opposition, and the Court follows suit, that Cardona has exhausted the requisite administrative remedies to bring this motion. [See ECF No. 679 at 11 n.5]; see also Quirós-Morales, 83 F.4th at 84 (not addressing exhaustion analysis because the government did not contest that defendant satisfied the requirement). The Court nevertheless determines that Cardona has failed to satisfy his burden in demonstrating that his circumstances are "extraordinary and compelling."

First, Cardona's contention that he has served at least 10 years or 75 percent of his term of imprisonment is unsupported by the record. [ECF No. 672 at 5]. According to Defendant, as of this month, Cardona has served approximately 82 months of his 146-month term. [See ECF No. 672 at 2]. He would not qualify for a reduction in sentence under the "age of the defendant" reason of the Guidelines until he has served just shy of 110 months.[2] He therefore has not presented an

[1] All page numbers refer to ECF pagination.

[2] Defendant must have served at least 10 years or 75 percent of his imprisonment term, whichever is less. See U.S.S.G. § 1B1.13(b)(2). 10 years would be 120 months, and 75% of 146 months is 109.5 months. Therefore, the Court uses the latter figure.

"extraordinary and compelling" reason via the "age of the defendant" avenue, even assuming the other factors are met.

Second, the Court is not convinced that Cardona's medical conditions warrant compassionate release under § 1B1.13(b)(1)(B) or (C) of the Guidelines.[3] The former requires Cardona to demonstrate he is suffering from either a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility and from which [he] . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). The latter requires Defendant to demonstrate that he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Id. § 1B1.13(b)(1)(C). Cardona contends that his medical issues affect his mobility only on certain days. [ECF No. 674 at 5]. As to the hip surgery he qualifies for, he does not allege that the facility he is in would not be sufficient for his recovery. In fact, he concedes that his current facility is not doing a "bad job" but that he would prefer to be around his family to recover. [Id. at 6]. He does not set forth any allegations that he requires care that his current facility is incapable of providing. He therefore has not demonstrated that any physical, cognitive, or functional impairment has substantially diminished his ability to provide self-care within his current environment. While the Court certainly sympathizes with Cardona's health concerns and his potential increased susceptibility to COVID-19 or the Flu, "[h]ealth concerns are not uncommon among people in their sixties [and] not every complex of health concerns is sufficient to warrant compassionate

[3] Section 1B1.13(b)(1)(A) requires a defendant to demonstrate they are suffering from a terminal illness – Cardona has put forth no such allegation.

release." Saccoccia, 10 F.4th at 5. After all, a motion for compassionate release requires Cardona to put forth *extraordinary and compelling* reasons. None of the reasons set forth satisfy that high bar.

## IV. CONCLUSION

Because ultimately, it's Cardona's burden to prove he is entitled to compassionate release, see United States v. Galiany-Cruz, No. 22-1196, 2023 WL 6458535, at *1 (1st Cir. June 6, 2023), and because he has not satisfied that burden, the Court will deny his motion.

**SO ORDERED.**

Dated: October 15, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge